AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>ALAN D. COVAIA and<br>DEBORAH M. COLLINS,<br><br>Debtors.<br>_____ / | Case No. 08-41803 EDJ-13<br>(Chapter 13 Proceeding)<br><br>R.S. No. APN-893<br><br>SECURED CREDITOR, FORD MOTOR CREDIT COMPANY'S APPLICATION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO DEFAULT UNDER PREVAILING ORDER |

On April 24, 2009, the Honorable Edward Jellen presided over a hearing on FORD MOTOR CREDIT COMPANY's (hereinafter referred to as "Secured Creditor") request for relief from the automatic stay provision pending in the above-captioned case in order to regain possession of its property (more specifically the 2006 Ford F150 vehicle [V.I.N. 1FTRX12W36KC21745] (hereinafter referred to as the "property") which was, and at all times herein mentioned is, in the possession of Debtors, Alan D. Covaia and Deborah M. Collins, (hereinafter collectively referred to as "Debtors").

Judge Edward Jellen's Order, in pertinent part, required Debtors to keep current in Debtor's monthly payments to Secured Creditor until the entire balance on Debtor's account with Secured Creditor had been paid in full.

Judge Edward Jellen's Order stated that in the event Debtor failed to comply with the above-mentioned provision or any of the other terms and conditions contained therein, Secured Creditor would be entitled to give Debtor and Debtor's attorney of record herein written notice of such default, specifying a ten (10) day period within which said default must be cured. A true and correct photocopy of attorney Austin P. Nagel's August 2, 2011, letter to Debtor and Debtor's attorney of record herein noticing them of Debtor's default and specifying the ten (10) day cure period is attached hereto as Exhibit "A" and is incorporated herein by reference.

Judge Edward Jellen further ordered that should Debtor fail to cure such default within the period specified therein, Secured Creditor would be entitled to submit an Application and an Order For Relief From Automatic Stay, requesting immediate and total relief from stay in order to effect the repossession/recovery of the property from Debtor. A true and correct photocopy of Judge Edward Jellen's April 24, 2009, Order is attached hereto as Exhibit "B" and is incorporated herein by reference.

As of the date hereof Debtor is delinquent for the sum of $2,084.56 which is comprised of past-due monthly payments for the months of April, May, June and July, 2011 at the rate of $521.14 per month and neither Secured Creditor or its attorneys of record herein heard from Debtor and/or Debtor's attorney of record herein in this regard.

WHEREFORE, in light of the fact that Debtor has failed to keep current in Debtor's monthly payments to Secured Creditor even after Secured Creditor's notice to Debtor and Debtor's attorney of record herein, Secured Creditor, by and through its attorney of record

2

Case: 08-41803    Doc# 58    Filed: 08/17/11    Entered: 08/17/11 13:51:45    Page 2 of 11

herein, respectfully requests that the Court grant its Application For Relief From Automatic Stay.

Secured Creditor further respectfully requests that the Court waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3).

Secured Creditor further respectfully requests that the Court terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §§362, any and all notice required by State and/or Federal law, regulation or statute.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of August, 2011, in the City of San Ramon, County of Contra Costa, State of California.

_____

FBKE.2570

LAW OFFICES OF
## AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583

Associate: GRACE E. FELDMAN
Of Counsel: MARY ELLMANN TANG

TELEPHONE: (925) 855-8080
FACSIMILE: (925) 855-8090

August 2, 2011

Alan D. Covaia and
Deborah M. Collins
5217 Hansen Dr.
Antioch, CA 94531

Patrick L. Forte
1 Kaiser Plaza #480
Oakland, CA 94612-3610

Re: <u>Ford Motor Credit Company – Covaia/Collins</u>

Dear Mr. Covaia, Ms. Collins and Mr. Forte:

Pursuant to the terms and conditions contained in the Order regarding Ford Motor Credit Company's request for relief from the automatic stay provisions pending under and pursuant to Mr. Covaia and Ms. Collins's Chapter 13 bankruptcy proceeding, PLEASE TAKE NOTICE AS FOLLOWS:

As I am sure you are aware, pursuant to the provisions contained in Paragraph #5 of the Adequate Protection Order, Mr. Covaia and Ms. Collins, were to keep current in their monthly payments to Ford Motor Credit Company until the balance on their account with Ford Motor Credit Company had been paid in full. A photocopy of the aforementioned Order is enclosed herein for your reference.

We have been informed that Mr. Covaia and Ms. Collins are presently delinquent for the following sums:

| **Payment Due Date** | **Past Due Amount** |
|---|---|
| April 22, 2011 | $521.14 |
| May 22, 2011 | $521.14 |
| June 22, 2011 | $521.14 |
| July 22, 2011 | $521.14 |
| Total Delinquent | <u>$2,084.56</u> |

Alan D. Covaia
Deborah M. Collins
Patrick L. Forte, Esq.
August 2, 2011
Page Two

    Mr. Covaia and Ms. Collins have not upheld and adhered to the terms and conditions reiterated above and due to their failure to comply with the aforementioned provisions of the prevailing Order, pursuant to the provisions contained in Paragraph #6 of the prevailing Adequate Protection Order, they have ten (10) days from the date hereof within which to cure said default. SHOULD MR. COVAIA AND MS. COLLINS CURE THE DEFAULT STATED HEREIN, IN ORDER TO ENSURE PROPER HANDLING OF THIS MATTER, WE WOULD APPRECIATE YOUR PROVIDING OUR OFFICE WITH VALID, WRITTEN PROOF OF SUCH CURE PRIOR TO THE EXPIRATION OF THE TIME SPECIFIED HEREIN.

    Should Mr. Covaia and Ms. Collins fail to cure the above-mentioned default by 4:30 p.m. on August 16, 2011, PLEASE TAKE NOTE THAT FORD MOTOR CREDIT COMPANY WILL BE ENTITLED TO SUBMIT THE APPLICATION AND ORDER SANCTIONED BY THE PREVAILING ORDER.

    We certainly hope that no further, adverse action becomes necessary and that Mr. Covaia and Ms. Collins cure the above-referenced default by 4:30 p.m. on August 16, 2011, and that they provide our office with valid, written proof of the cure as requested herein.

    Your anticipated cooperation and prompt response hereto are appreciated.

                                    Very truly yours,

                                    LAW OFFICES OF
                                  AUSTIN P. NAGEL

Enclosure
FBKE.2570

Case: 08-41803   Doc# 58   Filed: 08/17/11   Entered: 08/17/11 13:51:45   Page 5 of 11

EXHIBIT A

Entered on Docket
April 24, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
APR 2 4 2009
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 388
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

ALAN D. COVAIA and
DEBORAH M. COLLINS,

  Debtors.
_____/

Case No. 08-41803 EDJ-13
(Chapter 13 Proceeding)

R.S. No. APN-893

ORDER REGARDING FORD MOTOR
CREDIT COMPANY'S MOTION FOR
RELIEF FROM AUTOMATIC STAY RE:
2006 FORD F150 (V.I.N.
1FTRX12W36KC21745)

Date: April 24, 2009
Time: 10:00 am
Judge: Edward Jellen
Ctrm: #215,
   1300 Clay Street,
   Oakland, CA

  On April 24, 2009, a preliminary hearing was held before the above-entitled Court regarding FORD MOTOR CREDIT COMPANY's (hereinafter referred to as "Movant") Motion For Relief From Automatic Stay under 11 U.S.C. §362(d)(1) pertaining to that 2006 Ford F150, (V.I.N. 1FTRX12W36KC21745) (hereinafter referred to as the "property").

All appearances having been duly entered on the record and after oral, documentary, and/or competent evidence was considered, the above-entitled Court found and ordered as follows:

1. IT IS HEREBY ORDERED that Debtors, ALAN D. COVAIA and DEBORAH M. COLLINS (hereinafter collectively referred to as "Debtors") shall provide Secured Creditor, FORD MOTOR CREDIT COMPANY (hereinafter referred to as "Secured Creditor") with the sum of $1,464.26, which represents the past due payments on Debtors' account with Secured Creditor through and including the March, 2009 on or before May 1, 2009 and IT IS HEREBY FURTHER ORDERED that any risk of nondelivery that exists hereunder lies with Debtor.

2. In the event that Debtors fail to comply with the provisions set forth in Paragraph #1 above, IT IS HEREBY FURTHER ORDERED that Secured Creditor shall be deemed to have immediate relief from the automatic stay provisions heretofore pending in this action as they pertain to the interest of Debtors and to the interest of Chapter 13 Trustee, Martha G. Bronitsky, in and to the subject vehicle and IT IS HEREBY FURTHER ORDERED that the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3) shall not apply.

3. IT IS HEREBY FURTHER ORDERED that such relief will entitle Secured Creditor to immediately recover the subject vehicle and, thereafter, IT IS HEREBY FURTHER ORDERED that Secured Creditor may exercise its State Law, contractual remedies with regard to disposal of the subject vehicle.

4. IT IS HEREBY FURTHER ORDERED that such relief will allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute.

2

Case: 08-41803  Doc# 36  Filed: 04/24/09  Entered: 04/24/09 15:39:19  Page 2 of 6
Case: 08-41803  Doc# 58  Filed: 08/17/11  Entered: 08/17/11 13:51:45  Page 7 of 11

EXHIBIT B

5. In the event that Debtors comply with the provisions set forth in Paragraph #1 above, thereafter, IT IS HEREBY FURTHER ORDERED that Debtors shall remain current in their monthly payments to Secured Creditor until their account with Secured Creditor is paid in full.

6. In the event that Debtors comply with the provisions set forth in Paragraph #1 above, but later defaults under any of the terms and conditions contained herein, IT IS HEREBY FURTHER ORDERED that Secured Creditor's attorneys of record herein shall give Debtors and their attorneys of record herein written notice of said default. IT IS HEREBY FURTHER ORDERED that such written notice shall be mailed as follows: Alan D. Covaia and Deborah M. Collins, 5217 Hansen Dr., Antioch, CA 94531; LAW OFFICES OF PATRICK L. FORTE, 1 Kaiser Plaza #480, Oakland, CA 94612, and shall contain a date (said date to be ten (10) days after the postmarked date of notice) before which said default must be cured.

7. Should Debtors fail to cure said default within the time specified, IT IS HEREBY FURTHER ORDERED that Secured Creditor's attorneys of record herein may serve upon Debtors and their attorneys of record herein and may submit to the above-entitled Court, an Application and an Order For Relief From Automatic Stay, requesting immediate and total relief from stay in order to effect recovery of the subject vehicle. IT IS HEREBY FURTHER ORDERED that said Order may be signed without further notice and without further Court hearing and IT IS HEREBY FURTHER ORDERED that the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3) shall not apply.

8. If Secured Creditor shall have given Debtors notice of default in the manner set forth above on three (3) occasions occurring after the date hereof and Debtors shall have timely cured such defaults as provided for herein, and Secured Creditor shall, thereafter, give Debtors written notice of the occurrence of a fourth default by Debtors, Secured

3

Case: 08-41803  Doc# 36  Filed: 04/24/09  Entered: 04/24/09 15:39:19  Page 3 of 6

Case: 08-41803  Doc# 58  Filed: 08/17/11  Entered: 08/17/11 13:51:45  Page 8 of 11

EXHIBIT B

Creditor shall be have the exclusive option to submit to the above-entitled Court, an Application and an Order For Relief From Automatic Stay, requesting immediate and total relief from stay. IT IS HEREBY FURTHER ORDERED that said Order may be signed without further notice and without further Court hearing.

9. Should Debtors default under any of the terms and conditions contained herein and, consequently, force Secured Creditor to repossess, or otherwise take possession of the subject vehicle, IT IS HEREBY FURTHER ORDERED that once Secured Creditor has regained possession of the subject vehicle, Secured Creditor may exercise its State Law, contractual remedies with regard to disposal of the subject vehicle.

10. Should Debtors default under any of the terms and conditions contained herein and, consequently, force Secured Creditor to repossess and subsequently dispose of the subject vehicle in the normal course of business, IT IS HEREBY FURTHER ORDERED that any deficiency remaining on this account shall remain subject to the automatic stay provisions pending in the above-captioned action and any discharge granted in this action.

11. IT IS HEREBY FURTHER ORDERED that such relief will allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute.

///
///
///
///
///
///

4

Case: 08-41803  Doc# 36  Filed: 04/24/09  Entered: 04/24/09 15:39:19  Page 4 of 6
Case: 08-41803  Doc# 58  Filed: 08/17/11  Entered: 08/17/11 13:51:43  Page 9 of 11

EXHIBIT B

12. IT IS HEREBY FURTHER ORDERED that the automatic stay provisions pending under and pursuant to the above-entitled proceeding shall not be extended by this Order and IT IS HEREBY FURTHER ORDERED that the automatic stay provisions pending under and pursuant to the above-entitled proceeding shall terminate upon discharge or dismissal of the above-entitled proceeding.

APPROVED AS TO
FORM AND CONTENT:

Dated: 4/24/09

LAW OFFICES OF
PATRICK L. FORTE

By _____
Attorneys for Debtors,
ALAN D. COVAIA and
DEBORAH M. COLLINS

Dated: APR 24 2009

JUDGE OF THE UNITED STATES
BANKRUPTCY COURT, NORTHERN
DISTRICT OF CALIFORNIA

FBKE.1128

5

Case: 08-41803  Doc# 36  Filed: 04/24/09  Entered: 04/24/09 15:39:19  Page 5 of 6

EXHIBIT B

Case: 08-41803  Doc# 58  Filed: 08/17/11  Entered: 08/17/11 13:51:45  Page 10 of 11

## COURT SERVICE LIST

ALAN D. COVAIA
DEBORAH M. COLLINS
5217 Hansen Dr.
Antioch, CA 94531

Patrick Forte
1 Kaiser Plaza #480
Oakland, CA 94612

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540

U.S. Trustee Oakland
1301 Clay St. #690N
Oakland, CA 94612